CHARLES J. GREEN, ADMINISTRATOR OF DEBORAH GREEN, DECEASED, v. SAMUEL HOWELL, EXECUTOR OF DAVID HOWELL, DECEASED.

A construction put upon a will having the following clause: "I give and bequeath unto my sister, M. G., wife of J. B. G., the interest of $1000, the principal to be put out at use on safe security, and the interest thereof to be annually paid to her, for her own private use, during her natural life; and after her decease, I give and bequeath the said $1000 to her two daughters, *viz.* Deborah and Sarah, equally to be divided."

Action on the case to recover a legacy.

David Howell, deceased, by his will, gave to his sister, Martha Green, wife of James B. Green, the interest of $1000, the amount to be put out on safe security, and the interest thereof to be annually paid to her, for her own private use, during her natural life; and after her decease, he gave the said $1000 to her two daughters, Deborah and Sarah, equally to be divided. Sarah, one of the daughters, died in the lifetime of the testator; Deborah survived the testator, but died before her mother, Mary Green. After the death of Mary Green, the plaintiff administered upon the estate of Deborah, and then brought this suit to recover a moiety of the $1000, on the ground that the same became vested in his intestate, immediately on the death of the testator, and in the lifetime of her mother. The residuum of the estate was given by the will to the defendant, testator's brother.

To a declaration, setting out in substance the foregoing facts, and to which was annexed a copy of the will of David Howell, deceased, the defendant demurred.

The demurrer was argued by *P. D. Vroom*, for the demurrant, and *M. Beasley*, for the plaintiff.

The opinion of the court was delivered by

VREDENBURGH, J. This suit is brought to get a construction of the will of David Howell, deceased. The difficulty arises under its third clause, which reads as follows: " 3. I give and bequeath unto my sister, Martha Green, wife of Joseph B. Green, the interest of one thousand dollars, the principal to be put out at use on safe security, and the interest thereof to be annually paid to and for her own private use during her natural life; and after her decease, I give and bequeath the said one thousand dollars to her two daughters, *viz.* Deborah and Sarah, equally to be divided." The residue of the estate is given by the will to the defendant, who is also executor. This will is dated the 23d August, 1836, and the testator died shortly after.

Sarah, one of the daughters of Martha Green, died in the lifetime of the testator; Deborah, the other daughter, after the testator, but before her mother, Martha; and this suit is brought by her administrator to recover the one half of the said $1000 legacy named in said third clause of the will.

The question is when the $1000 legacy vested in Deborah, whether at the death of the testator or at the death of the mother. It is settled, by a long course of decisions both in England and in this country, that under the precise language of this will, the one half of this legacy vested in Deborah at the death of the testator. The principle laid down in 1 *Roper on Legacies*, marginal page 586, *viz.* " when the absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive, the interest of the first and subsequent takers will vest together," is not only supported by the authorities digested there, but by numerous other cases decided in the English courts, and also by many decisions in this country. They are so numerous that it would be mere affectation to review them.

The cases to which we were referred on the argument are

precise and to the point. I have examined all the cases to which we were referred by the defendant; but so far as I can understand them, they turn upon quite a different principle, *viz.* that besides the words in this will, there are some other words superadded, or some variety in the language, which requires some *uncertain* event to happen before the legatee is to enter into the enjoyment thereof, as, for instance, if the words "after her death, I give the $1000 to her two daughters," the will here added, "if they survive their mother," or "if they arrive at twenty-one years of age." In all the cases cited on the defence the question has been, whether the words of the will did or did not imply some such contingency. In such cases the legacy clearly would not vest, because until the uncertain *event* happened, it never could be known whether it would or would not happen, and consequently whether the person named ever would or would not be entitled to enjoy, or answer to the description of the person named in the will. But the death of the mother was certain to happen sooner or later, and there never could be any doubt, that the event upon which the daughters would take would certainly come to pass.

The language of the will is equivalent to saying, I give this $1000 to my sister and her two children; she to have it during her life, and they to have it after her death. The repetition of the words, "I give and bequeath," does not alter either the legal or common sense meaning of the terms used. It is a present gift of the whole interest in the fund. The cases cited by the defence give part of the interest absolutely; but whether the rest is given or not, is made to depend upon an event which may never happen. These distinctions run through all the cases.

The demurrer should be overruled, and judgment entered for the plaintiffs.

Ogden and Brown, Justices, concurred.

Affirmed, 2 *Vroom* 570.

Cited in *Thornton* v. *Roberts,* 3 *Stew.* 476; *Beatty's Adm'r* v. *Montgomery's Executrix,* 6 *C. E. Gr.* 326.